Argued January 8, affirmed January 29, petition for
rehearing denied February 18, 1969

STATE OF OREGON, *Respondent, v.*
EDWARD ROLAND PULLEN,
*Appellant.*

449 P. 2d 850

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and submitted the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg,
argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER,
O'CONNELL and LANGTRY, Justices.

PER CURIAM.

The defendant's only claim of error in this appeal
from a conviction of rape is that the trial court should
not have received into evidence statements made by
defendant. He claims he was not advised of his rights

in the manner required by *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974 (1966).

Defendant was in custody on another charge when the questioning that resulted in the statements occurred. The interrogating officer correctly read from a card the *Miranda* warnings the first and each time he questioned defendant, and defendant in detail responded that he understood the warnings, but wanted to make the statements. In two written statements signed by defendant, the officer omitted from that part of the warning about defendant's being entitled to have an attorney present at questioning the fact that he could have such an attorney at public expense if he was indigent.

Defendant's counsel refers this court only to the part of the record that supports defendant's contention and would have us ignore the more extensive and more believable part of the record which proves the defendant was adequately warned and understood the warning. The trial judge heard all of the testimony about warnings and voluntariness of statements in extensive *in camera* hearings. He was correct when he ruled:

> "* * * I am satisfied beyond a reasonable doubt that he [defendant] was properly advised and knew what his rights were before he ever made a statement. * * * I am also satisfied beyond a reasonable doubt that he wasn't misled by the difference incorporated into the written statements * * *"

Conviction affirmed.